UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANTA E. BERTE,  :
  :
                    Plaintiff,  :
  :      **MEMORANDUM & ORDER**
          v.  :      20-CV-2889 (WFK)
  :
COMMISSIONER OF SOCIAL SECURITY,  :
  :
                    Defendant.  :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**
Santa E. Berte ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's application for Social Security Disability Insurance ("SSDI") benefits. Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 24, 25. For the reasons set forth below, Defendant's motion is DENIED, and the Court REMANDS this action to the Social Security Administration for further proceedings.

## PROCEDURAL HISTORY

On April 17, 2017, Plaintiff filed a claim for SSDI benefits, alleging a disability onset date of November 12, 2016. Administrative Record ("Tr."), ECF No. 23, at 155-56. On July 19, 2017, the state agency denied Plaintiff's claim. *Id.* at 88-95. On August 18, 2017, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 96-98. On February 5, 2019, Plaintiff appeared for a hearing with her attorney and a Spanish translator before ALJ Mark Solomon. *Id.* at 32-53. On April 8, 2019, ALJ Solomon issued a decision denying Plaintiff's claim. *Id.* at 9-31. Plaintiff timely requested Appeals Council review of ALJ Solomon's decision. On May 12, 2020, the Council denied Plaintiff's request for review. *Id.* at 1-8. The Commissioner took no further action. Therefore, the Court has jurisdiction pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final decision. It does so now.

**FACTS**

The evidence in this case is undisputed, and the Court adopts Defendant's factual recitation. Def. Mem., ECF No. 25, at 5-20.

**DISCUSSION**

I.  Legal Standards

*a. Standard of Review*

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the Court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation omitted). The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 268-69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his

2

ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

### b. Determination of Disability

To be eligible for SSI benefits, an individual must be "aged, blind, or disabled" as defined in 42 U.S.C. § 1382c and, *inter alia*, meet the resource and income limits specified in the Act. For SSI purposes, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

To evaluate a disability claim, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* § 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform their past relevant work. *Id.* § 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the

fifth and final step is to determine whether the claimant can perform any job based on his or her RFC and other vocational considerations, such as work experience, age, and education. *Id.* § 416.920(a)(4)(v). The claimant bears the burden of proving the first four steps, then the burden shifts to the Commissioner at the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77-78 (2d Cir. 1999).

In making a disability determination, "[t]he ALJ will consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.) (internal citation omitted). When evaluating the persuasiveness of a medical opinion, the ALJ will consider five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, including "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). "Using these factors, the most important of which are supportability and consistency, the ALJ must articulate 'how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record.'" *Aviles-Guzman v. Comm'r of Soc. Sec.*, 19-CV-5043 (PKC), 2021 WL 663979, at *9 (E.D.N.Y. Feb. 18, 2021) (Chen, J.) (citing 20 C.F.R. § 404.1520c(b)). An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c (b)(2), 416.920c(b)(2).

II.  ALJ Solomon's Decision

*a. ALJ's Conclusions*

4

ALJ Solomon found (1) Plaintiff met the insured status requirements of the SSA through September 30, 2020; (2) Plaintiff had not engaged in substantial gainful activity since November 12, 2016, the alleged disability onset date; (3) Plaintiff had severe impairments of diabetes mellitus and depression; (4) Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of a listed impairment; and (5) Plaintiff had the RFC to perform medium work as defined in 20 C.F.R § 404.1567(c), except that Plaintiff must avoid working at unprotected heights and is limited to unskilled work with no contact with the general public.  Tr. at 20-30.

ALJ Solomon found while Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of her symptoms are inconsistent because "the record fails to document that she is unable to perform work at the medium exertional level with the additional restrictions included in the residual functional capacity above." Tr. at 23.

ALJ Solomon also found most of the medical opinions in Plaintiff's record unpersuasive. Particularly relevant here, ALJ Solomon deemed the opinions of Plaintiff's treating physician Dr. Juan Cortes, D.O., and internal medicine consultative examiner Allen Meisel, M.D. unpersuasive.  Tr. at 24-25.

Dr. Cortes diagnosed Plaintiff with neuropathy, arthritis, depression, diabetes, and back pain, and concluded Plaintiff was restricted to lifting or carrying no more than ten pounds occasionally and could never reach overhead, handle, finger, feel, push, or pull bilaterally, although she could occasionally reach in other directions. *Id.* at 366-68.  However, ALJ Solomon found Dr. Cortes's opinion that Plaintiff "is unable to perform even sedentary work due to neuropathy, diabetes, back pain and dizziness unpersuasive." *Id.* at 24.  According to ALJ

5

Solomon, Dr. Cortes's opinion was unsupported by the doctor's treatment notes and was insufficiently supported by "limited diagnostic testing in the record as a whole." *Id.* at 25.

Plaintiff also received a consultative examination from Dr. Meisel on May 22, 2017, who concluded Plaintiff "has moderate limitations to standing, walking, climbing stairs, bending and kneeling." *Id.* at 224. ALJ Solomon found Dr. Meisel's opinion "unpersuasive as to the moderate limitations because the term itself is vague." *Id.* at 25. ALJ Solomon determined Dr. Meisel's opinion "lacked support in the record," and also found the record itself "lack[ed] any diagnostic evidence to provide an etiology for the claimant's back complaints." *Id.*

b. *ALJ's Failure to Develop the Record*

Before assessing whether the ALJ's decision is supported by substantial evidence, this Court must first determine whether the ALJ fully developed the record in Plaintiff's case. The Second Circuit has explained "it is the well-established rule in our circuit 'that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding.'" *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citation omitted). This duty applies even when a claimant is represented by counsel. *Id.* "Whether the ALJ has discharged this duty is a threshold question that must be addressed by the reviewing court before deciding whether the Commissioner's final decision is supported by substantial evidence pursuant to 42 U.S.C. § 405(g)." *Bealer v. Berryhill*, 18-CV-10483 (VSB) (KHP), 2019 WL 13131904, at *11 (S.D.N.Y. Dec. 23, 2019) (Parker, M.J.), *report and recommendation adopted sub nom. Bealer v. Saul*, 18-CV-10483 (VSB) (KHP), 2020 WL 12949468 (S.D.N.Y. Mar. 2, 2020) (Broderick, J.).

Plaintiff argues ALJ Solomon erred by failing to develop the record. In particular, Plaintiff argues ALJ Solomon erred by "focus[ing] on what he found to be inconsistent" without making "any effort to clarify the record." Pl. Mem. at 22. This Court agrees. Since ALJ Solomon relied on the lack of diagnostic testing in Plaintiff's medical records to find her not disabled, he should have more fully developed the record with respect to the diagnostic tests listed in Plaintiff's medical records.

Plaintiff's medical records indicate Dr. Cortes ordered nerve testing on Plaintiff in August 2017, November 2017, and October 2018. *See* Tr. at 405-06 (listing "AUTONOMIC NERV FUNCTION TEST" under "PROCEDURES" for August 10, 2017 appointment); *id.* at 428 (listing "Nerve Conduction Study" under "ORDERS/LABS" for November 16, 2017 appointment); *id.* at 516 (listing "AUTONOMIC NERV FUNCTION TEST" under "PROCEDURES" for October 11, 2018 appointment). Dr. Cortes's notes from Plaintiff's appointment on August 10, 2017, which indicate Dr. Cortes ordered nerve testing, reveal Plaintiff was due for a "follow up in 1 week for test results." *Id.* at 406. However, the record is silent as to those test results. Notes from Plaintiff's next recorded appointment with Dr. Cortes, on September 14, 2017, also do not contain the results of Plaintiff's nerve function tests. Nor does the remainder of the record include these test results. Indeed, results from the nerve conduction study ordered by Dr. Cortes in October 2017 are similarly absent from the record.

Plaintiff's medical records also reference electromyography (EMG) tests ordered by Dr. Jeffrey Lucido, DPM, at NYU Langone Brooklyn Podiatry Associates in October 2017. Tr. at 304 (noting "EMG WITH NCV" tests ordered for neuritis due to diabetes mellitus and acute left-sided low back pain with left-sided sciatica). These same notes indicate Dr. Lucido also ordered an MRI to identify "[s]oft tissue lesion on the dorsal aspect of left foot." *Id.* Under the

7

"[i]nstructions" portion of the appointment summary, Dr. Lucido directed Plaintiff to "[r]eturn in 2 weeks for MRI results." *Id.* However, as with the autonomic nerve function and nerve conduction tests ordered by Dr. Cortes and the EMG tests ordered by Dr. Lucido, the record does not contain any MRI results.

In his decision denying Plaintiff's claim, ALJ Solomon repeatedly emphasized the lack of diagnostic testing in Plaintiff's file to justify rejecting various physicians' medical opinions. For example, in finding Dr. Cortes's medical opinion unpersuasive, ALJ Solomon explained "[t]here is limited diagnostic testing in the record as a whole other than Dr. Mittal's 2019 noninvasive peripheral arterial study to support [Dr. Cortes's] diagnoses of arthropathy, neuropathy, back pain, arthritis." *Id.* at 25. Similarly, in finding Dr. Meisel's 2017 opinion "unpersuasive as to the moderate limitations," ALJ Solomon noted "[t]he record also lacks any diagnostic evidence to provide an etiology for the claimant's back complaints." *Id.*

At the administrative hearing on Plaintiff's claim, the ALJ asked Plaintiff's counsel whether there was any "diagnostic testing" related to Plaintiff's reported osteoarthritis in the record. *Id.* at 37. Plaintiff's counsel responded, "I only see it in the clinical notes, the osteoarthritis. I didn't see like an MRI, I don't believe." *Id.* ALJ Solomon made no reference to clinical testing related to Plaintiff's neuropathy symptoms during the hearing. Notably, Defendant references the lack of diagnostic testing in Plaintiff's medical records to justify ALJ Solomon's decision: "Plaintiff never sought treatment from a specialist or underwent any pertinent testing such as nerve conduction studies or electromyography (EMG)." Def. Mem. at 25.

Plaintiff argues that because "Dr. Cortes's office visit notes did not contain any diagnostic test results, while at the same time documenting the fact that the doctor ordered many

8

such tests, and the importance the ALJ and the Commissioner both place upon the lack of an EMG or Nerve Conduction Study, ALJ Solomon had an obligation to make further, specific inquiry regarding the multiple Nerve Conduction Studies ordered by the doctor." Pl. Reply at 3.

The Court agrees. Since ALJ Solomon highlighted the purported inconsistencies between the medical opinions in Plaintiff's record and the lack of diagnostic testing supporting those opinions, the ALJ should have made greater efforts to fill in the gaps related to Plaintiff's nerve conduction, EMG, and MRI tests. By failing to make further inquiry regarding the results of the diagnostic tests listed in Plaintiff's medical records, ALJ Solomon did not fulfill his duty to develop the record.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF No. 25, is DENIED and Plaintiff's motion for judgment on the pleadings, ECF No. 24, is GRANTED to the extent it seeks remand. The Court hereby REMANDS this action to the Social Security Administration for further administrative proceedings, including a new decision, consistent with this opinion.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 3, 2023
      Brooklyn, New York

9